**NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Appellees,**

v.

**Sterling MUNRO, in his official capacity as Administrator of the Bonneville Power Administration, et al., Appellants.**

No. 78–2014.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1980.

Decided Aug. 25, 1980.

Thomas C. Lee, Asst. U. S. Atty., Portland, Or., for appellants.

John Roger Beers, San Francisco, Cal., for appellees.

Before KENNEDY and SCHROEDER, Circuit Judges and TANNER *, District Judge.

---

* Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

SCHROEDER, Circuit Judge:

This is an action by six environmental groups for declaratory and injunctive relief under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–47. Plaintiffs claimed below that the Bonneville Power Administration (BPA) could not take any action with respect to "Phase 2" of the Hydro-Thermal Power Program until it had filed an environmental impact statement (EIS). The program was a long range cooperative plan formulated by BPA and others to meet the forecasted energy needs of the Pacific Northwest. The district court held that an EIS was required and issued an injunction prohibiting the administrator of the BPA and the Secretary of the Interior from taking any action to implement Phase 2 or "equivalent or substitute arrangements or programs subsequent to Phase 1" until it had filed an appropriate EIS. The EIS is now being prepared.

 The facts are reported in the district court's thorough opinion, 435 F.Supp. 590 (D.Or.1977). The major issue raised on appeal is whether Phase 2 requires an EIS. The identical issue, however, was decided in *Port of Astoria v. Hodel*, 595 F.2d 467 (9th Cir. 1979), where we held that an EIS was required. Appellants concede that *Port of Astoria* requires us to affirm the district court on this issue.

The only issue which we must decide is whether the injunction prevents the BPA from taking routine actions to supply its customers with power and for which no EIS is required. The BPA has been unable to cite any specific examples of such improper inhibitions now caused by the injunction.

The district court's injunction was prepared after consultation among all the parties. It spells out in considerable detail what actions BPA may take and what are enjoined. The district court retained jurisdiction until completion of the EIS, and the injunction has been modified at least once since it was issued to accommodate BPA's needs.

If other specific questions arise as to the scope of the injunction or need for possible modification, the district court will be able to assess them, and its decisions will be subject to review by this Court. *Cf.* Fed.R. Civ.P. 60(b)(5); 7 Moore's Federal Practice ¶ 60.30[3], at 431 & n.13 (1979). BPA has not in this appeal shown any justification for overturning the injunction.

Affirmed.